[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is a real estate tax appeal challenging valuation of the subject property on the grand list of October 1, 1989.
On October 1, 1989, the subject property was valued as four separate parcels of land; 10-52 Ford Street, $21,148,000; 355 Asylum Street, $6,614,600; 377 Asylum Street, $1,003,900; and 361 Asylum Street $623,800 for a total valuation of $29,390,300. On October 1, 1989, the subject property was improved with and operated as a Hilton Hotel. Shortly thereafter, on December 31, 1989, the property owner ceased the hotel operation. On October 28, 1990, the hotel building was demolished leaving the subject premises as vacant land. From August 1, 1992 to present, the vacant land has been used as a surface parking lot.
Following the revaluation date of October 1, 1989, the owner of the subject property appealed to the Hartford Board of Tax Review seeking to reduce the valuation placed upon the property. The board refused to lower the valuation. On June 22, 1990, the plaintiff appealed the board's decision to the Superior Court. On March 31, 1993, the parties filed a motion for stipulated judgment, recognizing that the subject property was now a single parcel of vacant land known as 10-52 Ford Street. The parties stipulated that commencing October 1, 1990 "and continuing up to but not including the assessment date on which the next city-wide revaluation of real property takes effect, which the parties expect to occur effective with the grand list of October 1, 1994, shall be, in the aggregate, $17,395,200." Judgment in accordance with the stipulation was entered on March 31, 1993. CT Page 9708
Contrary to the expectation of the parties, the city did not conduct a city-wide revaluation of property on October 1, 1994. Pursuant to legislative action on the part of the General Assembly, Public Act 95-283 sec. 3, the city is now required to conduct it's next revaluation on October 1, 1999.
The plaintiff contends that it relied upon the city conducting a revaluation on October 1, 1994 as consideration for it to enter into the stipulation for judgment. The plaintiff does not seek a city-wide revaluation on October 1, 1994, but calls upon this court to exercise its equitable powers to consider evidence of the property as of the subject property and determine the value of the property as of October 1, 1994. The plaintiff further contends that the only evidence as to value in this action is that of the plaintiff's appraiser, Arnold Grant, who placed a fair market value on the subject premises, as of October 1, 1994, of $4,530,000.
The city interposes a special defense of collateral estoppel and res judicata claiming that the issue of the valuation of the subject property as of October 1, 1989, was previously decide in the case of HLO Land Ownership Associates v. City of Hartford, CV90-0379794. The city cites Ralston Purina Co. v. Board of TaxReview, 203 Conn. 425, 437, 525 A.2d 91 (1987) for its authority that although property values may fluctuate, tax assessors are not required to revalue property in the period of time between revaluations required by the legislature.
A significant change in the valuation of the property occurred on October 28, 1990, when the subject premises became vacant land When new construction of real estate has been completed after an assessment date, General Statutes § 12-53a
requires the assessor to add the valuation of the improvement prorated for the assessment year the new construction is completed. When improvements to property have been so damaged as to require total reconstruction or property has sustained fire or weather related damage which would cause the improvement to be totally reconstructed, § 12-64a requires the assessor to adjust the assessment to account for the reduction in value to the property. Although there is no statutory provision that requires the assessor to reduce the valuation of real estate during the interim period between revaluations to accommodate a taxpayer who has voluntarily demolished the improvements on the property leaving it vacant land, the city did reduce the value of CT Page 9709 plaintiff's property to adjust for the destruction of the hotel on October 28, 1990. The reduction in value was $11,995,100 ($29,390,300 — $17,395,200). However, the stipulation in the prior tax appeal made the new valuation of $17,395,200 retroactive to the last revaluation year of October 1, 1989.
The language in the stipulation is not, as claimed by the plaintiff, ambiguous. The parties agreed that the valuation stipulated to on March 31, 1993 would remain the value until the next city-wide revaluation. The fact that the parties state in the stipulation that they "expected" the revaluation to occur on October 1, 1994 does not mean that a revaluation was mandated.
Although not specifically argued by the parties, the principle involved here appears similar to the doctrine of equitable estoppel. In essence, the plaintiff claims that it relied, to it's detriment, upon the city to conduct a revaluation of its property on October 1, 1994.
Equitable estoppel "is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Citations omitted.)Connecticut National Bank v. Voog, 233 Conn. 352, 366,658 A.2d 172 (1995). "`Estoppel rests on the misleading conduct which results in prejudice to the other and absent such prejudice an estoppel cannot exist.'" (Citation omitted). Middletown Conn.Assoc. Ltd. v. City of Middletown, 42 Conn. App. 426, 442,680 A.2d 1350 (1996).
At the time the parties entered into their stipulation, the facts were known by all that § 12-62d required the city to revalue all of the real estate in the city no later than five years after the effective date of the 1989 revaluation, that is, no later than October 1, 1994. However, in 1994 the state legislature stayed the implementation of the city's revaluation for a period not to exceed two years. Subsequent legislation by the General Assembly further extended the next revaluation to October 1, 1999. See Public Act 95-283, § 3. The Common Council for the city adopted legislation to stay the implementation of its revaluation beyond the October 1, 1994 date It is obvious that no one could predict the extensions of time to conduct revaluations granted by the state legislature. We can CT Page 9710 find no misrepresentation by the city of existing facts upon which the plaintiff could justifiably rely. See ConnecticutNational Bank v. Voog, supra, 233 Conn. 366.
"`Estoppel is not favored and fraud is not to be presumed, but must be strictly proven. The evidence must be clear, precise and unequivocal. . . ." Basak v. Damutz, 105 Conn. 378, 382,135 A. 453 (1926). The plaintiff has not sustained its burden of showing that it is entitled to a revaluation of its property as of October 1, 1994. Accordingly, judgment may enter for the defendant without costs to either party.
Arnold W. Aronson Judge Trial Referee